IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| EDWARD P. DEETS and | : | BANKRUPTCY NO.: 5-11-bk-06868-JJT |
| ELIZABETH L. DEETS, | : | {**Nature of Proceeding**: Objection (#402) to |
| | : | Fee Application of Accountants for the |
| DEBTORS | : | Trustee (#401)} |

*************************************************************************

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| EDWARD DEETS HOLDING | : | BANKRUPTCY NO.: 5-11-bk-06869-JJT |
| COMPANY, INC. | : | {**Nature of Proceeding**: Objection (#272) to |
| | : | Fee Application of Accountants for the |
| DEBTOR | : | Trustee (#271)} |

# OPINION[1]

For resolution are Objections to Fee Applications filed by the Accountants, Herbein + Company, Inc., duly appointed in the above-captioned bankruptcy cases. The objections are identical and were championed by Donna Courrege, the daughter of Edward and Elizabeth Deets, who appeared on behalf of the Debtors. Mr. Deets was also the President of Edward Deets Holding Company, Inc. At the initial hearing on these objections, counsel for the Debtors requested an extension of time to review the fee applications and make a determination on behalf of the Debtors as to whether the Debtors would proceed with the objections. That request for continuance was granted, and a subsequent hearing was held on May 22, 2018, wherein testimony was taken of Mr. Robert M. Caster, an accountant with Herbein + Company, Inc.

The objections were straightforward and can be summarized as follows. The Debtors

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

[K:\Cathy\Opinions-Orders filed 2018\5-11-bk-06868-JJT_5-11-bk-06869-JJT_Deets pdf]

argue that many of the time entries listed by various members of the accounting firm for similar services performed were inconsistent. For instance, a partner of the accounting firm may have listed a time entry of one hour in a meeting with an associate who registered time for the same meeting at .5 hours. Secondly, the Debtors also objected that many of the time entries seem to be "inflated," and the amounts asked for were excessive. Finally, several of the time entries were objected to as being for administrative services rather than professional services that would typically be performed by an accounting professional.

At the end of the second hearing and in response to the Court's question as to whether the objectors had broken down each entry of the application that was specifically objected to, the Debtors agreed to file, within 30 days of the date of the hearing, a description of each of the services which the Debtors specifically objected to. A review of the docket, as of the date of this Opinion and Order, reflects that the Debtors did not follow up on their representation of filing a submission with the Court. Even without the benefit of a submission by the objectors, the Court still has an independent obligation to review fee applications regardless of whether objections were filed. *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833 (3rd Cir. 1994).

Initially, I note that the four corners of each of the fee applications meet all of the requirements under the Local Bankruptcy Rules for the Middle District of Pennsylvania. The fact that several time entries by different members of the applicant's firm may have been inconsistent in the time recorded for similar or same services is of little import to this Court because in most instances that were brought to the Court's attention, the difference in time was *de minimis*.

The Third Circuit in the *Busy Beaver* case cited the case of *In re Wolverine Knitting*

*Mills, Inc.*, 107 B.R. 546, 547 (Bankr. E.D. MI 1989), for the proposition that compensating an accountant for clerical services was permissible after the applicant demonstrated it had long billed clerical time to all its clients. Mr. Caster testified that the accounting firm had approximately 20-22 partners and 80-90 associates. On the other hand, there was very little support staff consisting of a few that worked in word processing. He testified that it was normal for himself to do what appeared to be clerical services in the form of printing and scanning documents. No indication was given that the various services performed by him and other partners and associates, and the recording of those services, were out of the ordinary in this bankruptcy from the way services were performed and recorded for other non-bankruptcy clients. This, taken together with the lack of a supporting submission by the objectors, leads this Court to find that the fee application meets all the requirements of *In re Busy Beaver*, supra., and the dictates of the United States Bankruptcy Code at 11 U.S.C. § 330. It is for these reasons that the Court will overrule the objections to both fee applications and award the fees to the applicant in their entirety.

      My Order will follow.

By the Court,

*/s/ John J. Thomas*
John J. Thomas, Bankruptcy Judge (CMP)

Date: July 25, 2018